# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 18-32 |
| DEMETRIUS MITCHELL-YARBROUGH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On February 6, 2018, Defendant Demetrius Mitchell-Yarbrough and his Co-defendant Davon Stevens were charged in a multi-count Indictment with the following: conspiracy to possess with intent to distribute and distribute quantities of cyclopropyl fentanyl, acetylfentanyl and fentanyl, in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute a quantity of cyclopropyl fentanyl and a quantity of acetylfentanyl and fentanyl, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Two and Three), all for conduct occurring on or about July 28, 2017. (Docket No. 3). Defendant also was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five), also for conduct occurring on or about July 28, 2017. (*Id.*).

On March 8, 2018, Defendant made an initial appearance before Magistrate Judge Robert Mitchell and an order of temporary detention was entered. (Docket Nos. 29, 31). It was noted at Defendant's initial appearance that counsel for the parties intended to file a joint motion for a competency examination.[1] (Docket No. 29).

---

[1] The determination of a defendant's competence to stand trial is codified in 18 U.S.C. § 4241(a), which provides that the court shall grant a motion to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally

1

On March 15, 2018, the Court granted the parties' joint motion to determine the competency of Defendant because the Court found that there was reasonable cause to believe that he was suffering from a mental disease or defect rendering him mentally incompetent to stand trial. (Docket No. 34). In accordance with the Court's Order, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), Defendant was evaluated by his expert, Dr. Louis S. Martone, and the Government's expert, Dr. Robert M. Wettstein, to determine if he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Dr. Martone concluded in his competency evaluation report dated April 13, 2018, that Defendant suffers from an intellectual disability and consequently "is unable to understand the nature of the proceedings against him and does not exhibit the capacity to assist properly in his own defense." (Docket No. 103-2 at 13). Dr. Martone subsequently re-evaluated Defendant in order to render an updated opinion and issued a competency evaluation addendum dated April 3, 2019. (Docket No. 103-3). Dr. Martone concluded that Defendant continues to suffer from an intellectual disability of unspecified severity, but he now displays an ability to understand the nature and consequences of the proceedings against him. (*Id.* at 3). In view of Defendant's compromised intellectual functioning, Dr. Martone further determined that Defendant will require certain accommodations to ensure that he is able to assist properly in his defense, such as reduced trial time to half day segments, increased recesses to allow for defense counsel to engage with him, and other similar allowances. (*Id.* at 3-4). Without any accommodations, Dr. Martone expressed concern about Defendant's ability to assist properly in his defense. (*Id.* at 4). In Dr. Martone's second addendum to his competency evaluation dated April 9, 2019, he recommended the following accommodations: "reduction in trial days to half day segments; increased recesses

---

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

available upon request to allow for defense counsel to engage with defendant; and additional counsel to assist in educating the client on concepts, issues, and factual information related to his trial, both during and/or in between courtroom hours." (Docket No. 103-4 at 1).

Dr. Wettstein concluded in his competency evaluation report dated February 25, 2019, that Defendant "has a mental disease or defect in the form of an intellectual disability of unspecified severity," but the intellectual disability "does not render him unable to understand the nature and consequences of the legal proceedings against him." (Docket No. 103-5 at 8-9). Dr. Wettstein also determined that Defendant is able to assist properly in his defense, though just marginally so. (*Id.* at 9). Dr. Wettstein explained that his determination about Defendant's present capacity is predicated upon his counsel's availability to spend more time and effort with him and to present information to him in a slow, simple manner. (*Id.*).

A competency hearing originally was scheduled on April 8, 2019, but it did not occur that day because Defendant was not made available by the Allegheny County Jail for transport to Court. (Docket No. 95). The hearing was subsequently held on June 3, 2019 (the "June 3rd hearing"), the official transcript of which was filed of record on June 28, 2019. (Docket Nos. 103, 110). In view of the opinions of both Drs. Martone and Wettstein set forth in their written reports that Defendant is able to understand the nature and consequences of the proceedings against him, (Docket Nos. 103, 103-3 at 3, 103-5 at 8-9), the June 3rd hearing focused on recommended accommodations to ensure that Defendant is able to assist properly in his defense. To that end, Dr. Martone testified to a reasonable degree of medical certainty that Defendant requires the following accommodations:

- Appointment of additional counsel or a paralegal to explain legal concepts, case strategy and other relevant procedures to Defendant in advance of scheduled proceedings, as well as to explain what is transpiring during hearings and trial.

3

Prior to proceedings and during hearings and trial, counsel must engage with Defendant on a repeated basis to confirm his understanding of what is transpiring. After counsel explains to Defendant what he can expect to occur or what has occurred at a hearing or trial, counsel must ask Defendant to explain his understanding of same to verify that he does in fact comprehend counsel's explanation.

- An increased number of breaks or recesses must be given during hearings and trial so that Defendant's counsel can engage with him to ensure that he understands what is occurring in the proceedings.

- Trial days must be shortened to ½ or ¾ of a day, depending on the number and length of breaks that are allotted during that time.

- The Court, attorneys and witnesses must avoid speaking in jargon during hearings and trial. To the extent testimony or argument involves complicated concepts, jargon or technical language, those matters must be explained to Defendant.

- To the extent feasible, hard copies of documents that will be referenced or entered into evidence in hearings or trial must be supplied to Defendant in advance so that the documents can be read and explained to him.

- Any documents that are projected on screens in the courtroom or referenced during proceedings must be read aloud to ensure that Defendant understands their content.

- To the extent that any video will be played and/or entered into evidence in hearings or trial, the video must be shown in advance to Defendant. This may be done up to one month prior to the proceeding.

- Videos depicting day-to-day events or events as they unfold may be played at normal speed during hearings and trial, provided Defendant's counsel confirms with him that he understands the video's content. Any video of a scientific or technical nature must be slowed down and explained to Defendant and played more than one time, if necessary.

- Because Defendant's ability to utilize a computer is unclear, his counsel must show him any evidence contained on a computer prior to hearings or trial, and review it with him during or after the proceedings as necessary, to ensure that he understands the nature and content of those materials.

- No computer screen shall obstruct the Court's view of Defendant during hearings or trial so that the Court may discern, to the extent possible, whether Defendant understands what is transpiring in the courtroom.

(Docket No. 110 at 10-11, 14-21). As stated, Dr. Martone testified to a reasonable degree of medical certainty that Defendant requires the foregoing accommodations to ensure that he is able to assist properly in his defense. (*Id.* at 22, 23).

"A defendant is competent to stand trial if he has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and if he has a "rational as well as factual understanding of the proceedings against him.'" *United States v. Louis*, 596 F. App'x 167, 171 (3d Cir. 2015) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). The Government has the burden of proving a defendant's competency by a preponderance of the evidence. *Id.* (citing

*United States v. Velasquez*, 885 F.2d 1076, 1089 (3d Cir. 1989)). Based on the written reports of Drs. Martone and Wettstein, and for the reasons explained by Dr. Martone at the June 3rd hearing, the Court finds by a preponderance of the evidence that Defendant is able to understand the nature and consequences of the proceedings against him and is able to assist properly in his defense, provided that the foregoing accommodations recommended by Dr. Martone are implemented.[2] Accordingly, the Court adopts those accommodations and will implement them as required in all hearings, conferences and any trial proceedings conducted in Defendant's case.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 9th day of July, 2019, following the hearing held on June 3, 2019 pursuant to 18 U.S.C. § 4247(d), and for the reasons stated above, the Court finds by a preponderance of the evidence that Defendant is mentally competent to stand trial, *i.e.*, Defendant is able to understand the nature and consequences of the proceedings against him and he is able to assist properly in his defense provided that the accommodations recommended by Dr. Louis S. Martone as specified herein are implemented. Accordingly, IT IS HEREBY ORDERED that said accommodations are adopted and shall be implemented as required in all hearings, conferences and any trial proceedings conducted in this case. IT IS FURTHER ORDERED that Defendant's case shall proceed and an arraignment hearing shall be scheduled forthwith before a United States Magistrate Judge.

> *s/ Nora Barry Fischer*
> Nora Barry Fischer
> Senior United States District Judge

cc/ecf: All counsel of record

---

[2] As Government counsel stated at the June 3rd hearing, Dr. Wettstein previously indicated that he would agree with the accommodations recommended by Dr. Martone. (Docket No. 110 at 4).